IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN EDWARD FAVEL,<br><br>Defendant. | CR-11-28-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Favel of violating his conditions of supervised release by using methamphetamine and failing to reside at a Residential Reentry Center. Mr. Favel admitted to the violations. Mr. Favel's supervised release should be revoked. He should be sentenced to four months in custody, with fourteen months of supervised release to follow. Mr. Favel should attend a Residential Reentry Center for six months of his supervised release.

## II. Status

On June 7, 2011, Mr Favel pleaded guilty to Theft From an Indian Gaming Establishment by Employee. On October 3, 2011, United States District Court Judge Sam E. Haddon sentenced Mr. Favel to 36 months of supervised release. (Doc. 35.)

On June 13, 2012, the Court revoked Mr. Favel's supervised release because he violated his conditions by consuming hydrocodone and consuming alcohol. Judge Haddon sentenced Mr. Favel to five months in custody and twenty-eight months of supervised release. (Doc. 46.) On December 15, 2014, United States District Judge Brian Morris revoked Mr. Favel's supervised release because he violated his condition by entering a gaming establishment, used alcohol, failed to participate in substance abuse testing, and failed to report a change in employment to his probation officer. Judge Morris sentenced Mr. Favel to sixteen months in custody, with eighteen months of supervised release to follow. Mr. Favel's supervised release included the condition that he reside in a Residential Reentry Center for six months. Mr. Favel's current term of supervised release began on July 1, 2016.

**Petition**

On October 5, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Favel's supervised release. (Doc. 60.) Based on the petition, Judge Morris issued a warrant for Mr. Favel's arrest. (Doc. 61.) The Probation Office accused Mr. Favel of violating his conditions of supervised release by using methamphetamine and failing to reside at a Residential Reentry Center. (Doc. 60.)

**Initial appearance**

On October 11, 2016, Mr. Favel appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Favel said he had read the petition and understood the allegations. Mr. Favel waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On November 1, 2016, Mr. Favel appeared with Mr. Arvanetes before the undersigned for a revocation hearing. Mr. Starnes appeared on behalf of the United States. Mr. Favel admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Favel's supervised release.

Mr. Favel's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class D felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for 7 to 11 months in custody.

Mr. Arvanetes acknowledged that these are serious breaches of the Court's

trust and requested a sentence with some custody time with time at a residential reentry Center to follow. Mr. Starnes argued for a guideline sentence with supervised release to follow.

### III. Analysis

Mr. Favel's supervised release should be revoked because he admitted violating its conditions. Mr. Favel should be sentenced to four months in custody and fourteen months of supervised release to follow, with six months spent at a Residential Reentry Center. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Favel was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Favel's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Favel's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Stephen Edward Favel violated the conditions of his supervised release by using methamphetamine and failing to reside at a Residential Reentry Center.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Favel's supervised release and committing him to the custody of the United States Bureau of Prisons for four months and fourteen months of supervised release to follow, with six of those months to be spent at a Residential Reentry Center.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of November 2016.

_____
John Johnston
United States Magistrate Judge