IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-11-28-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| STEPHEN EDWARD FAVEL, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Favel of violating his conditions of supervised release by (1) using methamphetamine, (2) failing to attend substance abuse treatment, and (3) failing to reside at a Residential Reentry Center. Mr. Favel admitted to the violations. Mr. Favel's supervised release should be revoked. He should be sentenced to six months in custody, with no supervised release to follow.

## II. Status

On June 7, 2011, Mr Favel pleaded guilty to Theft From an Indian Gaming

Establishment by Employee. On October 3, 2011, United States District Court Judge Sam E. Haddon sentenced Mr. Favel to 36 months of supervised release. (Doc. 35.)

On June 13, 2012, the Court revoked Mr. Favel's supervised release because he violated his conditions by consuming hydrocodone and consuming alcohol. Judge Haddon sentenced Mr. Favel to five months in custody and twenty-eight months of supervised release. (Doc. 46.)

On December 15, 2014, United States District Judge Brian Morris revoked Mr. Favel's supervised release because he violated his conditions of supervised release by entering a gaming establishment, using alcohol, failing to participate in substance abuse testing, and failing to report a change in employment to his probation officer. Judge Morris sentenced Mr. Favel to six months in custody, with eighteen months of supervised release to follow. Mr. Favel's supervised release included the condition that he reside in a Residential Reentry Center for six months. Mr. Favel's next term of supervised release began on July 1, 2016.

On November 23, 2016, Judge Morris revoked Mr. Favel's supervised release because he was terminated from the Great Falls Prerelease Center. (Doc. 71.) Judge Morris sentenced him to four months in custody, with fourteen months of supervised release to follow. (*Id.*) Mr. Favel began his current term of supervised release on February 1, 2017.

**Petition**

On May 4, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Favel's supervised release. (Doc. 76.) The Probation Office accused Mr. Favel of violating his conditions of supervised release by using methamphetamine, failing to attend substance abuse treatment, and failing to reside at a Residential Reentry Center. (*Id.*)

**Initial appearance**

On May 18, 2017, Mr. Favel appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Favel said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Favel admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Favel's supervised release.

Mr. Favel's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class D felony. He could be incarcerated for up to

twenty-four months. He could be ordered to remain on supervised release for twenty-four months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes requested a sentence at the low end of the guideline range, with no supervised release to follow. Mr. Favel exercised his right of allocution and stated that he does not know how to cope with freedom. Mr. Cobell argued for sentence at the high-end of the guideline range, with no supervised release to follow.

### III. Analysis

Mr. Favel's supervised release should be revoked because he admitted violating its conditions. Mr. Favel should be sentenced to six months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Favel was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>Stephen Edward Favel violated the conditions of his supervised release by using methamphetamine, failing to attend substance abuse treatment, and failing to reside at a Residential Reentry Center.

The Court **RECOMMENDS:**

>The district court should enter the attached Judgment, revoking Mr. Favel's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with no supervised release to follow. The Court recommends that Mr. Favel not be placed in the federal prison in Sheridan, Wyoming.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 24th day of May 2017.

_____
John Johnston
United States Magistrate Judge